UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HONDA LEASE TRUST, | : | |
| | : | |
| Plaintiff, | : | NO. 3:05CV1426 (MRK) |
| | : | |
| v. | : | |
| | : | |
| MIDDLESEX MUTUAL ASSURANCE CO. and GORDON, MUIR AND FOLEY, LLP, | : : : | |
| | : | |
| Defendants. | : | |

**ORDER**

Plaintiff, the Honda Lease Trust (the "Trust"), has filed a Motion for Leave to Amend Complaint [doc. # 80] seeking to correct certain minor errors and to add a claim against Defendant Middlesex Mutual Assurance Company ("Middlesex") for violation of Connecticut's Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. §§ 42-110a-q, and Connecticut's Unfair Insurance Practices Act (CUIPA), Conn. Gen. Stat. §§ 38a-815-19. Middlesex objects to the amendment because it is untimely and also moves [doc. # 87] under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* to dismiss the CUTPA/CUIPA claim because it is insufficient as a matter of law. As explained below, the Court GRANTS the Motion for Leave to Amend Complaint [doc. # 80] and DENIES the Motion to Dismiss [doc. # 87].

Generally, courts should freely grant permission to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). However, the Second Circuit has made it clear that the good cause standard of Rule 16 supersedes the more liberal standard of Rule 15(a) where, as here, a motion to amend is filed after the deadline for amended pleadings set by a court's scheduling order. *See, e.g., Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order

has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.' "). Such a scheduling order was entered in this case, requiring amendments to the pleadings to be filed no later than March 31, 2006. *See* Order [doc. # 82]. The Trust did not file the present motion to amend until June 15, 2006. Nonetheless, the Court will allow the amendment because it is satisfied that the Trust has provided good cause for the brief delay in filing the proposed amendment and that no prejudice will result to Middlesex from allowing the amendment since discovery will not end in this case until January 2007.

Regarding the motion to dismiss the CUTPA/CUIPA claim [doc. # 87], Middlesex acknowledges that the trust has complied with Connecticut law by alleging in its proposed complaint that Middlesex engaged in a pattern of misconduct regarding the processing of both the instant claim and others claims. *See Lees v. Middlesex Ins. Co.*, 229 Conn. 842, 849 (1994) ("[D]efendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a general business practice" (internal quotation marks omitted)). Nevertheless, Middlesex argues that the Trust's allegations are too conclusory to satisfy the federal notice pleading requirements.

The Court disagrees. The proposed complaint adequately provides Middlesex with notice of the basis of the Trust's claim. If Middlesex requires further information, it may obtain it through discovery. *See Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) ("[T]he [Federal] Rules . . . rely on extensive discovery to flesh out the claims and issues in dispute"); *see also Swierkiewicz v. Sorema, S.A.*, 534 U.S. 506, 512 (2002) ("this simplified notice pleading standard relies on liberal

discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims"). Under the simplified pleading standards of the Federal Rules, a court may dismiss a complaint under Rule 12(b)(6) " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Id*. (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).  Moreover, in considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept[] the allegations contained in the complaint as true and draw[] all reasonable inferences in favor of the nonmoving party." *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004). Applying these standards to the Trust's proposed complaint, Middlesex is not entitled to dismissal of the Trust's CUTPA/CUIPA claim at this time. *See, e.g.*, *Peck v. Public Serv. Mut. Ins. Co.*, 114 F. Supp. 2d 51, 58 (D. Conn. 2000).

                IT IS SO ORDERED,

                /s/     Mark R. Kravitz
                     United States District Judge

**Dated at New Haven, Connecticut: <u>July 27, 2006</u>**.