UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HONDA LEASE TRUST,            :
                              :
    Plaintiff,                :
                              :
    v.                        :
                              :   CASE NO. 3:05CV1426(RNC)
MIDDLESEX MUTUAL ASSURANCE    :
CO., ET AL.,                  :
                              :
    Defendants.               :

ORDER

Pending before the court are motions regarding the plaintiff's subpoenas *duces tecum* directed to Attorney Neil Johnson. Attorney Johnson was counsel to Mitchell Amtower, the plaintiff in the underlying action against Honda Lease Trust.[1]

Attorney Johnson's Motion to Quash (doc. #154) is denied without prejudice. On or before October 22, 2007, Attorney Johnson shall produce all responsive materials as to which there are no claims of privilege or confidentiality. As to any item which he claims is privileged or confidential, Attorney Johnson shall produce a privilege log compliant with D. Conn. L. Civ. R. 37(a)(1). If the parties are unable to resolve their disputes,

---

[1] Amtower was injured in a motor vehicle accident allegedly caused by Gina Longo while she was driving a Honda-leased vehicle. Amtower sued both Longo and Honda in Connecticut Superior Court. Honda was an insured under Longo's insurance policy, which was issued by defendant Middlesex Mutual Insurance Company ("Middlesex"). Defendant Middlesex hired defendant Gordon, Muir and Foley to defend both Longo and Honda in the Amtower action. The present lawsuit alleges misconduct by the defendants in failing to settle the Amtower action within the Middlesex policy limits.

1

motions relating to this discovery may be filed on or before October 31, 2007. Discovery motions must comply with D. Conn. L. Civ. R. 37(a)(3).

The Motion for Protective Order (doc. #155) filed by Attorney Johnson is also denied without prejudice. Although the court is empowered to enter protective orders in the interest of justice, Fed. R. Civ. P. 26(c), no such order is required at this time. Attorney Johnson must submit to a deposition as to topics that are not subject to the attorney-client privilege or work-product protection, but he may refuse to answer questions as necessary to preserve a privilege. See Fed. R. Civ. P. 30(d)(1).[2]

Attorney Johnson's request to be paid as a professional witness is denied. The court also denies the plaintiff's request that Attorney Johnson be required to solicit his client's waiver of the attorney-client and work product privileges.

SO ORDERED at Hartford, Connecticut this 4th day of October, 2007.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[2] Attorney Johnson has failed to direct the court to any authority establishing that he is a covered entity under HIPAA such that he may not testify regarding Amtower's medical records or condition. If Attorney Johnson is in fact a covered entity, he might nonetheless be permitted to testify regarding the client's medical records pursuant to a protective order. 45 CFR 164.512(e)(1). The parties shall make good faith efforts to resolve this dispute as required by D. Conn. L. Civ. R. 37.