UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HONDA LEASE TRUST,                    :
                                      :
     Plaintiff,                       :
                                      :
     v.                               :      CASE NO. 3:05CV1426(RNC)
                                      :
MIDDLESEX MUTUAL ASSURANCE            :
CO., ET AL.,                          :
                                      :
     Defendants.                      :

RULING ON MOTION TO COMPEL

Pending before the court is plaintiff Honda Lease Trust's

Motion to Compel (doc. #208).  The following background is

necessary to place the motion in context.

In 2001, Honda Lease Trust ("Honda") was sued regarding a

motor vehicle accident allegedly caused by Gina Longo while she

was driving a Honda-leased vehicle.  The victim of that accident,

Mitchell Amtower, sued both Longo and Honda in Connecticut

Superior Court in an action known as Amtower v. Longo.  Honda was

an insured under Longo's insurance policy, which was issued by

defendant Middlesex Mutual Insurance Company ("Middlesex") and

had a policy limit of $300,000.  Middlesex hired defendant

Gordon, Muir and Foley ("GMF") to defend both Longo and Honda in

the Amtower action.

Plaintiff Honda alleges that, although the Amtower v. Longo

action could at some early stage have been settled within policy

limits, the defendants Middlesex and GMF failed to do so and

1

failed to keep Honda informed of the case status.  In January

2005, after Honda engaged other counsel, the case settled for

$849,000, with Honda paying $549,000.  The complaint alleges,

among other things, a claim of malpractice against GMF and a

claim of bad faith failure to settle against Middlesex.

As part of its prosecution of this matter, plaintiff Honda

served a subpoena upon a third party witness, Attorney Neil

Johnson.  Attorney Johnson (the "Third Party Witness") was

counsel to Mitchell Amtower in the Amtower v. Longo case, and

Honda has sought to obtain his file regarding the underlying

litigation.  He objects on grounds of privilege and work product.

## I.  Background

Honda originally served the Third Party Witness with a

subpoena *duces tecum* in March 2007 for a deposition to be held on

March 9, 2007.[1]  The subpoena demanded that he produce "[t]he

complete file concerning the litigation Amtower v. Longo,

---

[1]The Third Party Witness apparently became particularly
interesting to the parties of this litigation due to an exchange
of letters in February 2005.  An attorney at GMF sent a letter to
him stating "I would like you to confirm to me that in the year
2003 your client was not prepared to accept a high/low agreement
with $300,000 as the high.  I need this for my records."  (Doc.
#164, Ex. D.)  The Third Party Witness responded with a letter
dated February 18, 2005, in which he stated that "no high/low
arbitration, with $300,000 being the top was discussed.  In fact
as memory serves Attorney Swirsky [of defendant GMF] actually
offered the $300,000.  I told Attorney Swirsky that I would
recover such provided that the $300,000 exhausted all coverage
available in order to not commit malpractice." (Doc. #164, Ex.
C.) Plaintiff Honda characterizes the Third Party Witness as
having "injected" himself into this action.

including by way of illustration but not limitation, all notes, letters, memos or other documents concerning Amtower v. Longo, including all documents covered by the work product privilege." The Third Party Witness moved to quash the subpoena and for a protective order barring the depositions (docs. # 154, 155). He did not, however, produce a privilege log or produce any non-privileged items. The plaintiff opposed the motion to quash and also moved to compel the responses (doc. #163).[2] On October 4, 2007, the court denied the motion to quash without prejudice. It ordered that "[o]n or before October 22, 2007, Attorney Johnson shall produce all responsive materials as to which there are no claims of privilege or confidentiality. As to any item which he claims is privileged or confidential, Attorney Johnson shall produce a privilege log compliant with D. Conn. L. Civ. R. 37(a)(1)." (Doc. #195.) The court also ordered that any further motions regarding this discovery would be filed by October 31, 2007. (Id.)[3]

On November 26, 2007, the plaintiff filed the pending motion

---

[2]The plaintiff's current motion incorporates by reference the arguments made in that first motion to compel, docs. #163-165.

[3]The court denied the motion for protective order, noting that "Attorney Johnson must submit to a deposition as to topics that are not subject to the attorney-client privilege or workproduct protection, but he may refuse to answer questions as necessary to preserve a privilege. See Fed. R. Civ. P. 30(d)(1)." (Id.)

to compel.  The motion reports that on November 8, 2007, the

Third Party Witness produced a few documents consisting of only

the police report from the underlying motor vehicle accident and

"what appears to be a small portion of Johnson's Amtower v. Longo

pleadings file." (Doc. #209, ¶7.)  On the same date, he objected

to the production of the remainder of the responsive documents.[4]

He did not produce a privilege log complying with the Local

Rules.[5]  The plaintiff asks the court to compel the Third Party

Witness to comply with the production request in the subpoena.

The Third Party Witness failed to file a response to the

motion to compel within his 21-day deadline, and the court issued

an Order to Show Cause requiring him to respond by January 10,

2008 (doc. #220).[6]  His Memorandum of Cause (doc. #221) was filed

---

[4]It appears that he attempted to electronically file his
objection with the court as well.  (See doc. #200.)  That filing
was rejected by the clerk's office in light of the local rule
providing that discovery responses and objections are not to be
filed but only served on opposing counsel.

[5]The court notes that the Local Rules were recently amended
and what used to be D. Conn. L. Civ. R. 37(a)(1) is now at D.
Conn. L. Civ. R. 26(e).  Despite the numbering change, the
information that must be included in a privilege log is well-
known and widely discussed in caselaw and commentary.  Both the
plaintiff's current motion to compel and its previously denied
motion to compel specifically list the requirements for a
privilege log under the Local Rule.  (See Doc. #164 at 6, Doc.
#209 at 4.)

[6]Attorney Johnson complains that the court rejected his
filings.  Several filings were indeed returned to him for lack of
compliance with the Local Rules. (See exhibits to doc. #221.)
For example, he failed to sign and/or attach certificates of
service to some of his filings.  (Id.)  These are not minor

on January 10, 2008.

## II.  <u>Standard of Review</u>

"[A] federal court sitting in diversity must apply state law
to privilege issues but federal law to those involving work
product."  <u>EDO Corp. v. Newark Ins. Co.</u>, 145 F.R.D. 18, 21 (D.
Conn. 1992).

Under Connecticut law, "the attorney-client privilege
protects both the confidential giving of professional advice by
an attorney acting in the capacity of a legal advisor to those
who can act on it, as well as the giving of information to the
lawyer to enable counsel to give sound and informed advice."  <u>PSE
Consulting, Inc. v. Frank Mercede & Sons, Inc.</u>, 267 Conn. 279,
329 (Conn. 2004).  "As a general rule, communications between
client and attorney are privileged when made in confidence for
the purpose of seeking legal advice."  <u>Blumenthal v. Kimber Mfg.,
Inc.</u>, 265 Conn. 1, 10 (2003) (internal citations and quotation
marks omitted).  "Not every communication between client and
attorney, however, is protected by the attorney-client
privilege."  <u>PSE Consulting, Inc. v. Frank Mercede and Sons,</u>

---

details gratuitously imposed on him; they are the rules of this
court that are binding on any attorney or non-attorney who
attempts to file documents with the court.  Far from attempting
to burden Attorney Johnson, the court has made significant
efforts to accommodate him as a non-party by referring him to the
correct Local Rules, by waiting for his response despite the
passing of his opposition deadline, and by issuing a show cause
order that gave him additional time to respond to the plaintiff's
motion.

Inc., 267 Conn. 279, 330 (2004). "A communication from attorney
to client solely regarding a matter of fact would not ordinarily
be privileged, unless it were shown to be inextricably linked to
the giving of legal advice." Olson v. Accessory Controls &
Equipment Corp., 254 Conn. 145, 157 (2000).

"The work product doctrine is distinct from and broader than
the attorney-client privilege." United States v. Nobles, 422
U.S. 225, 238 n. 11 (1975) (citing Hickman v. Taylor, 329 U.S.
495, 508 (1947)). The work product doctrine shields from
disclosure documents and other materials prepared in anticipation
of litigation or trial by a party or a party's representative,
absent a showing of substantial need and the inability to obtain
the substantial equivalent without undue hardship. Fed. R. Civ.
P. 26(b)(3); see also In re Grand Jury Subpoenas Dated Oct. 22,
1991 and Nov. 1, 1991, 959 F.2d 1158, 1166 (2d Cir. 1992). "At
its core, the work-product doctrine shelters the mental processes
of the attorney, providing a privileged area within which he can
analyze and prepare his client's case." United States v. Nobles,
422 U.S. 225, 238 (1975). "An attorney's protected thought
processes include preparing legal theories, planning litigation
strategies and trial tactics, and sifting through information."
Salomon Bros. Treasury Litig. v. Steinhardt Partners, L.P., 9
F.3d 230 (2d Cir. 1993). "Where a document was created because
of anticipated litigation, and would not have been prepared in

substantially similar form but for the prospect of that

litigation, it falls within Rule 26(b)(3)." United States v.

Adlman, 134 F.3d 1194 (2d Cir. 1998). The doctrine extends to

notes, memoranda, correspondence, witness interviews, and other

materials, whether they are created by an attorney or by an agent

for the attorney. See United States v. Nobles, 422 U.S. 225,

238-39(1975); Carter v. Cornell Univ., 173 F.R.D. 92, 95

(S.D.N.Y. 1997). "[V]oluntary disclosure of work product to an

adversary waives the privilege as to other parties." Salomon

Bros. Treasury Litig. v. Steinhardt Partners, L.P., 9 F.3d 230,

235 (2d Cir. 1993) (internal citations omitted).

"The burden of proving each element of the privilege, by a

fair preponderance of the evidence . . . rests with . . . the

party seeking to assert the privilege." PSE Consulting, Inc. v.

Frank Mercede and Sons, Inc., 267 Conn. 279, 330 (2004); see also

Mercator Corp. v. United States, 318 F.3d 379, 384 (2d Cir. 2002)

(burden of proving applicability of work product doctrine is on

the party asserting it).

> That burden cannot be met by mere conclusory or ipse
> dixit assertions in unsworn motion papers authored by
> attorneys. An essential step in meeting the burden of
> establishing the existence of a privilege or an
> immunity from discovery is the production of an
> adequately detailed privilege log sufficient to enable
> the demanding party to contest the claim.

Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 240 F.R.D. 44,

47 (D. Conn. 2007) (internal citations and quotation marks

omitted).  Local Rule 26(e) (formerly 37(a)(1)) requires the

party asserting the privilege to provide the following

information in a privilege log:

    (1) The type of document;

    (2) The general subject matter of the document;

    (3) The date of the document;

    (4) The author of the document; and

    (5) Each recipient of the document.

Failure to produce a privilege log is sufficient grounds to deem

the privilege waived.  Horace Mann Ins. Co. v. Nationwide Mut.

Ins. Co., 238 F.R.D. 536, 538 (D. Conn. 2006) (citing Chase

Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 166

(2d Cir. 1992); Ruran v. Beth El Temple of W. Hartford, Inc., 226

F.R.D. 165, 168-69 (D. Conn. 2005)).  Even where a privilege log

is submitted, "if the party invoking the privilege does not

provide sufficient detail to demonstrate fulfillment of all the

legal requirements for application of the privilege, his claim

will be rejected."  Bowne v. AmBase Corp., 150 F.R.D. 465, 474

(S.D.N.Y. 1993); see also United States v. Construction Prods.

Research, 73 F.3d 464, 473 (2d Cir. 1996) (a privilege log must

be sufficiently detailed to permit a judgment as to whether the

document is at least potentially protected from disclosure, and

other required information should be submitted in the form of

affidavits or deposition testimony).

III. **Discussion**

The Third Party Witness resists production solely on attorney-client privilege and work product grounds. The documents at issue fall into several categories, and the court discusses each in turn.

A. **Correspondence to and from Defense Counsel's Office**:

The Third Party Witness objects to the production of his correspondence with defense counsel on the grounds of work product protection. Correspondence between an attorney and opposing counsel is not protected by the work product doctrine and must be produced. To the extent that any of the Third Party Witness's work product was shared with opposing counsel in the context of such correspondence, the protection was waived. The motion to compel is therefore granted as to this category of documents.

B. **Client intake, fee agreement, attorney notes, employee assignments and billing**:

The Third Party Witness objects to the production of these items on the basis of the work product doctrine. In the absence of a privilege log, the court cannot evaluate the plaintiff's work product claim or even determine what documents the Third Party Witness includes within this heading. The Third Party Witness has failed to carry his burden of demonstrating the applicability of the work product doctrine. Having failed to

produce a privilege log despite multiple opportunities to do so, he has waived the privilege even if it did apply.

**C.  Copies of files, medical reports and medical bills not related to <u>Amtower v. Longo</u>:**

To the extent that the plaintiff's motion to compel seeks production of any documents not related to <u>Amtower v. Longo</u>, it is denied because such documents are not responsive to the plaintiff's production request.  The third party witness shall, however, produce all files, medical reports and medical bills concerning <u>Amtower v. Longo</u>.

**D.  Client tax returns:**

The plaintiff does not address this category in its motion, and the motion to compel is therefore denied as to the tax returns.

**E.  Client medical reports and bills:**

To the extent that the Third Party Witness objects to production of these materials on the grounds of attorney-client privilege, he has failed to establish that the privilege applies to medical records.  He does not cite any other grounds for withholding these documents.  His main argument is that producing his former client's medical reports and bills would violate his duty of confidentiality to his former client under Rule 1.6 and 1.9 of the Connecticut Rules of Professional Conduct.  Those rules permit confidential information to be produced to comply with a court order.  The motion to compel is granted as to the

medical reports and bills in the Third Party Witness's file that concern <u>Amtower v. Longo</u>.

**F.  Defendant's discovery responses:**

The Third Party Witness objects to producing defendant Honda's discovery responses from <u>Amtower v. Longo</u> on work product grounds.  The work product doctrine is clearly inapplicable to these documents, which were created by opposing counsel and produced to the Third Party Witness.  To the extent that the responses might contain any work product (such as the Third Party Witness's handwritten notes), the Third Party Witness has not borne his burden of demonstrating the applicability of the work product doctrine.  The motion to compel is granted as to this category.

**G.  Depositions:**

Again, the work product doctrine is inapplicable to deposition transcripts.  To the extent that the transcripts contain any work product, the Third Party Witness has not borne his burden of demonstrating the applicability of the work product doctrine.  The motion to compel is granted as to this category.

**IV.  <u>Costs of Compliance</u>**

The Third Party Witness contends that he has spent over 100 hours in objecting to this subpoena and asks the court to provide

him with compensation for that time.[7]

Fed. R. Civ. P. 45(c)(1) imposes a duty on a party issuing a subpoena to avoid imposing undue burden on a person subject to that subpoena, and the court may enforce this duty by imposition of sanctions including reasonable attorney's fees.  No undue burden has been shown here, and the court declines to award sanctions.

On the other hand, "[a]n order compelling production pursuant to a subpoena *duces tecum* 'shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying.'"  <u>Florida Software Systems, Inc. v. Columbia/HCA Healthcare Corp.</u>, No. 99-MC-0036E, 2002 WL 1020777 (W.D.N.Y., Feb. 25, 2002) (quoting Fed. R. Civ. P. 45(c)(2)(B)).  "Typically, a non-party is required to absorb the costs of complying with a subpoena duces tecum.  Generally, reimbursement only occurs where the costs are great or the document demand unreasonably broad."  <u>Id.</u> (internal citation and quotation marks omitted).

If, upon completion of his obligations under this order, the Third Party Witness has been subjected to significant expense resulting from inspection and copying of the documents, and he is unable to reach agreement with plaintiff's counsel regarding

---

[7]In its previous order, doc. #195, the court denied the Third Party Witness's request to be paid for his time spent in deposition as a professional witness.

reasonable reimbursement of such costs, he may move for

reimbursement of some or all of those costs.  Any such motion

shall be supported with affidavits or other evidence of the costs

incurred.

**V.   Conclusion**

For all the foregoing reasons, the plaintiff's Motion to

Compel (doc. #208) is granted in part and denied in part.  The

Third Party Witness shall produce the documents as ordered herein

within ten days.  D. Conn. L. Civ. R. 37(d).  If the plaintiff

seeks the Third Party Witness's deposition, he shall submit to

such deposition within the next thirty days.  In light of the

scheduling order that Chief Judge Chatigny has imposed on the

parties, the court will view any motions for extensions of these

deadlines with disfavor.

The plaintiff's Motion for Emergency Adjudication (doc. #

217) and Motion for Discovery Conference (doc. #219) are denied

as moot.

SO ORDERED at Hartford, Connecticut this 6th day of

February, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge