UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HONDA LEASE TRUST,

    Plaintiff,

v.

MIDDLESEX MUTUAL ASSURANCE CO.,

    Defendant.

CASE NO. 3:05CV1426(RNC)

## RULING ON DISCOVERY MOTIONS

Pending before the court are a Motion for Protective Order (doc. #251) filed by plaintiff Honda Lease Trust ("Honda") and a Motion to Compel (doc. #260) filed by defendant Middlesex Mutual Assurance Co. ("Middlesex").

**A.  Background**

In 2001, Honda was sued regarding a motor vehicle accident allegedly caused by Gina Longo while she was driving a Honda-leased vehicle. The victim of that accident, Mitchell Amtower, sued both Longo and Honda in Connecticut Superior Court in an action known as Amtower v. Longo. Honda was an additional insured under Longo's insurance policy, which was issued by the defendant and had a policy limit of $300,000. The complaint alleges that, although the Amtower action could at some early stage have been settled within policy limits, defendant Middlesex failed to do so and failed to keep Honda informed of the case

1

status.[1]

The dispute now before the court centers on Honda's insurance coverage in the underlying litigation. Honda had what the parties refer to as a "fronting policy." Though issued by an insurer called Pacific Employers, the policy had a matching deductible, meaning that "the deductible matches the policy limits," so any funds paid out on a claim actually were funded by Honda. (See Def's Mem., doc. #260-4 at 4, citing deposition of Bernard Harrington.) The policy provided $1 million in coverage and had a $1 million deductible.

In late March 2008, defendant Middlesex served plaintiff Honda with a 30(b)(6) deposition notice. (See Pl's Mem., Exhibit F, doc. #253-7.) The deposition notice demanded that the plaintiff designate witnesses to testify as to several issues relating to the fronting policy. The deposition notice was accompanied by a request for production of certain documents relating to the policy.

The plaintiff objects to both the deposition notice and the production requests. It seeks a protective order barring all of this discovery, based on two grounds. First, it contends that the requests are overbroad because, if the documents and

---

[1] A law firm hired by Middlesex to defend Honda, Gordon, Muir & Foley ("GMF"), was originally a named defendant in this case. Honda has voluntarily dismissed its malpractice claim against GMF. (See doc. #286.)

information sought exist, they are not within the possession of plaintiff Honda Lease Trust but in the possession of one or more of its related companies, and therefore the plaintiff does not have to produce the documents and/or witnesses.[2] Second, the plaintiff argues that the information the defendant seeks is not relevant. After the plaintiff filed its motion for protective order, the defendant filed a motion to compel as to the same discovery requests.

**B. Overbreadth**

The plaintiff objects to both the deposition notice and the accompanying document production request as overbroad. As to the production request, it contends that it is overbroad because it requires production of records that are not in the plaintiff's possession but in the possession of a distantly related company. As to the 30(b)(6) deposition notice, plaintiff contends that none of its own employees have knowledge of the listed topics, and it argues that it cannot be required to produce for deposition witnesses who are not the plaintiff's own employees.

---

[2]The plaintiff also objects to the discovery requests as overbroad insofar as they seek information about plaintiff's parent and/or sister companies rather than about the plaintiff itself. On their face, the discovery requests do seek information pertaining to the plaintiff's related companies, but the defendant has abandoned any argument that it is entitled to collect information about the plaintiff's related companies. The real dispute, instead, is whether the plaintiff must provide information *about the plaintiff itself* if that information is held by related companies.

The court addresses each of these issues separately.

1. Requests for Production

Plaintiff's counsel represents that, to the extent that there are documents responsive to the defendant's production requests, they are not in its possession but in the possession of a distantly related company.[3]

Pursuant to Fed. R. Civ. P. 34(a), a party is obligated to produce responsive documents that are in its "possession, custody or control." The word "control" means more than mere possession. "Control has been construed broadly by the courts as the legal right, authority, or *practical ability* to obtain the materials sought upon demand." In re Ski Train Fire of November 11, 2000 Kaprun Aus., MDL Docket #1428 (SAS)(THK), 2006 U.S. Dist. LEXIS 29987 at *13-14 (S.D.N.Y. May 16, 2006) (emphasis added). Honda must make good faith efforts to produce the materials sought by the defendant's requests for production. To the extent that Honda is able to obtain the sought documents, it must produce

---

[3]Plaintiff's counsel represents in his affidavit that after talking to employees of several different Honda-related entities, he has determined that "to the extent that witnesses with knowledge of the topics listed in the Notice exist, those witnesses are employees of Honda North America and America Honda Finance Corp. The same is true for the Document Request. Honda North America is a wholly owned subsidiary of Honda Motor Company, Ltd., a Japanese corporation. It is not directly related to Honda Lease Trust. American Honda Finance Corp. is the majority owner of the two limited partnerships which own Honda Lease Trust." (Affidavit of Simon Allentuch, ¶¶ 3-6, doc. #273.)

4

them.  Honda's motion for protective order is denied.

The court turns to the defendant Middlesex's motion to compel.  As the requesting party, it is Middlesex's burden to establish that the documents it seeks are within the opposing party's control.  Pitney Bowes, Inc. v. Kern Int'l, Inc., 239 F.R.D. 62, 66 (D. Conn. 2006), citing Glaxo Inc. v. Boehringer Ingelheim Corp., 1996 U.S. Dist. LEXIS 17828 (D. Conn. 1996). See also 7 Moore's Federal Practice § 34.14 (3d ed.).  To determine whether a party has control over documents in a related company's possession, courts conduct a fact-specific inquiry.

> [I]n parent/subsidiary situations, the determination of control turns upon whether the intracorporate relationship establishes some legal right, authority or ability to obtain the requested documents on demand. Moreover, courts consider the degree of ownership and control exercised by the parent over the subsidiary, a showing that the two entities operated as one, demonstrated access to documents in the ordinary course of business, and an agency relationship.

Pitney Bowes, Inc. v. Kern Int'l, Inc., 239 F.R.D. 62, 67 (D. Conn. 2006) (internal citations and quotation marks omitted). The defendant has not submitted any factual evidence regarding Honda's control over documents in the possession of any of its related companies.  The court has before it no facts with which to engage in the fact specific inquiry necessary to conclude that Honda indeed can produce the sought documents.  The defendant has failed to carry its burden of proof and its motion to compel is therefore denied.

2. <u>30(b)(6) Deposition Notice</u>

The plaintiff objects to the 30(b)(6) deposition notice on similar grounds. Honda represents that it does not have employees with knowledge of the six topics listed in the 30(b)(6) deposition and that if there are people with knowledge of those topics, they are employees of Honda's related corporations. It argues that it has no obligation to produce individuals who are not its own employees.

A different standard of review applies to the deposition notice:

> Unlike the language of Rule 34, Rule 30 of the Federal Rules of Civil Procedure does not require a party to litigation to produce persons for deposition who are merely alleged to be in the party's control.

<u>In re Ski Train Fire of November 11, 2000 Kaprun Aus.</u>, MDL Docket #1428 (SAS)(THK), 2006 U.S. Dist. LEXIS 29987, *25-26 (S.D.N.Y. May 16, 2006). Instead, such third party witnesses can be deposed under subpoena. <u>Id.</u> Therefore, Honda has no obligation to produce employees of its related companies for deposition.

The defendant correctly argues that Honda has an obligation to designate its own employees with knowledge of the topics as witnesses, even if it has to educate them. "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." <u>Reilly v. Natwest Mkts. Group, Inc.</u>, 181 F.3d 253 (2d Cir.

1999)(internal citations and quotation marks omitted). The corporation "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." <u>Sony Elecs., Inc. v. Soundview Techs., Inc.</u>, 217 F.R.D. 104, 112 (D. Conn. 2002)(internal citations and quotations marks omitted). "A deponent under Rule 30(b)(6) has "an affirmative obligation to educate himself as to the matters regarding the corporation. This includes all matters that are known or reasonably available to the corporation." <u>Concerned Citizens v. Belle Haven Club</u>, 223 F.R.D. 39, 43 (D. Conn. 2004).

> The Rule 30(b)(6) designee does not give his [or her] personal opinions. Rather, he [or she] presents the corporation's position on the topic. Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. The corporation must provide its interpretation of documents and events. The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition.

<u>Krasney v. Nationwide Mut. Ins. Co.</u>, No. 3:06 CV 1164 (JBA)(JGM) 2007 U.S. Dist. LEXIS 90876 (D. Conn. Dec. 11, 2007)(quoting <u>United States v. Taylor</u>, 166 F.R.D. 356, 361 (M.D.N.C. 1996)).

In sum, the plaintiff need not produce as 30(b)(6) witnesses the employees of any related companies. However, to the extent that Honda itself has knowledge of the topics in the deposition

notice, it shall designate and prepare its witnesses for a 30(b)(6) deposition as set forth herein.

C. **Relevance**

Honda also objects that the requested information is not relevant. Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. Relevance under Rule 26(b)(1) has been construed broadly "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted).

The plaintiff argues that information about the fronting policy is irrelevant to any claim or defense in this litigation. It argues that the fronting policy is a type of self-insurance, that the defendants were aware during the Amtower litigation that Honda had this fronting policy and that Honda would be the one ultimately paying if the verdict or settlement exceeded the Middlesex policy limits. The plaintiff argues that information about this policy is not relevant to what it views as the real issue in the case- the defendant's failure to settle within its own policy limits.

8

The defendant responds that its requests are relevant to its efforts to prove that the plaintiff behaved as an excess insurer rather than as an insured. The defendant's expert, William T. Cormack, has opined that "Honda, through its agents, misrepresented to Middlesex and to its own attorneys, GMF, that it had an excess policy of insurance." (See Report of William Cormack at 29, attached as Exhibit E to the defendant's memorandum of law, doc. #260-9.) The defendant argues that the norms of behavior between an insurer and its insured are different from the norms of behavior between a primary insurer and an excess insurer. It contends that the plaintiff's behavior in this case more closely resembled the latter than the former, and it argues that proving that Honda acted as an excess insurer would be significant for purposes of evaluating the defendant's conduct toward the plaintiff.

In addition, the defendant has asserted as a special defense that the plaintiff was negligent in failing to offer $100,000 from the fronting policy for a proposed high-low arbitration with a high of $400,000. The defendant argues that such an arbitration would have resolved the Amtower case for far less than the ultimate settlement. It also notes that, when a case seems likely to exceed primary limits, it is common for an excess insurer to offer a portion of its own coverage in exactly that manner. Thus, evidence tending to show that the plaintiff was

9

really acting as an excess insurer would be relevant to the defendant's special defense.[4]

Upon review of the parties' claims and defenses, the court concludes that, although the requested information regarding the plaintiff's fronting policy is rather distant from the central issues in this case, it does fall within the broad relevancy standard established by the Federal Rules of Civil Procedure.

**D.   Conclusion**

In summary, the plaintiff's Motion for Protective Order (doc. #251) and the defendant's Motion to Compel (doc. #260) are each granted in part and denied in part.

As to the requests for production, Honda shall make good faith efforts to obtain the sought documents. As to the 30(b)(6) notice, the plaintiff is not required to produce employees of any related company, but to the extent that Honda itself has knowledge of the topics set forth in the deposition notice, it must prepare its own employee(s) to testify as to those topics.

At oral argument, the defendant agreed to withdraw its

---

[4]The defendant also points to the report of one of the plaintiff's experts, Anil Madan, who has opined that the defendant breached its duty by treating Honda as an excess insurer rather than an insured. (See Report of Anil Madan at 9, attached as Exhibit B to the defendant's memorandum of law, doc. #260-6.)  Plaintiff's counsel represented at oral argument that the plaintiff does not take that position and does not seek to recover damages for any such breach, and it might not even put Madan on the stand. Nonetheless, factual information about Honda's fronting policy is relevant to the disclosed opinions of this expert witness.

motion to compel as to topic #2 of the deposition notice because it was duplicative of #1.  The defendant also agreed to limit issue #3 to the years 1995 to 2000.

SO ORDERED at Hartford, Connecticut this 7th day of August, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge